Lin v. Holder

BIA
Ferris, IJ
A098 350 180

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of May, two thousand thirteen.

PRESENT:
　　　　JOSÉ A. CABRANES,
　　　　GERARD E. LYNCH,
　　　　CHRISTOPHER F. DRONEY,
　　　　　　*Circuit Judges*.

_____

QIANG LIN,
　　　　*Petitioner*,

　　　v.　　　　　　　　　　　　　　　12-202
　　　　　　　　　　　　　　　　　　　NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
　　　　*Respondent*.

_____

FOR PETITIONER:　　　Cora J. Chang, New York, NY.

FOR RESPONDENT:　　　Stuart F. Delery, Acting Assistant Attorney General; Linda S. Wernery, Assistant Director; Gerald M. Alexander, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Qiang Lin, a native and citizen of the People's Republic of China, seeks review of a December 27, 2011, order of the BIA affirming the March 23, 2010, decision of Immigration Judge ("IJ") Noel A. Ferris, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Qiang Lin*, No. A098 350 180 (B.I.A. Dec. 27, 2011), *aff'g* No. A098 350 180 (Immig. Ct. N.Y. City Mar. 23, 2010). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Under the circumstances of this case, we have reviewed the IJ's decision as supplemented and modified by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). To the extent Lin challenges the IJ's denial of CAT relief, we are without jurisdiction to consider that claim, *see* 8 U.S.C. § 1252(d)(1); *Karaj v. Gonzales*, 462 F.3d 113, 119

2

(2d Cir. 2006), and because Lin does not argue here that he suffered past harm rising to the level of persecution, we address only his argument regarding a well-founded fear of future persecution on account of his practice of Falun Gong.

"While consistent, detailed, and credible testimony may be sufficient to carry the alien's burden, evidence corroborating his story, or an explanation for its absence, may be required where it would reasonably be expected." *Diallo v. INS*, 232 F.3d 279, 285 (2d Cir. 2000). Before denying a claim solely because of an applicant's failure to provide corroborating evidence, the agency must "explain specifically, either in its decision or otherwise in the record . . . why it is reasonable . . . to expect such corroboration; and [] why . . . explanations for the lack of such corroboration are insufficient." *Id*. at 290.

Here, the IJ identified the type of evidence that Lin would have to present to corroborate his claim — documents or photos to show that the Chinese police sought him out and destroyed his home in 2004; any evidence that the police continued to look for him; and witnesses to testify that he was a practitioner of Falun Gong — and adjourned proceedings in order to allow Lin to obtain such documentation and

3

witnesses to testify on his behalf.  Lin neither provided this additional corroborating evidence to the IJ nor satisfactorily explained either why he was unable to provide such documentation or why it would be unreasonable to expect such documentation.  Lin conceded that he was aware that the IJ had advised him to bring witnesses to testify on his behalf, but chose not to, and that he did not ask any potential witnesses for affidavits.  Lin further testified that there was no warrant for his arrest in China, and that the police there were no longer looking for him.

In his appeal to the BIA, Lin stated only that he asked several witnesses to testify on his behalf, but that they were either "unavailable" or "didn't want to."  Accordingly, because the agency identified the required evidence and gave Lin time to obtain it, and because Lin failed to reasonably explain why such evidence was unavailable, the agency did not err in relying on his lack of corroboration and determining that his testimony alone could not establish a well-founded fear of future persecution.  *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005) (holding that agency need not credit an applicant's explanations unless those explanations would compel a reasonable fact-finder to do so); *Diallo*, 232 F.3d at 285-86, 290.

4

Lin argues that the agency erred in according limited weight to the letters from his family members, friend, and neighbor regarding the events of 2004. However, the weight afforded to an applicant's evidence in immigration proceedings lies largely within the discretion of the agency, and the BIA did not err in giving minimal weight to the letters from Lin's family members because they were prepared by interested parties in anticipation of proceedings. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006); *see also Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 149 (2d Cir. 2007). Furthermore, even if the letters were to be accorded full evidentiary weight, the authors discuss only the attempt by Chinese police to arrest Lin in June 2004, and do not give any indication that government officials have continued to seek Lin out, or are aware of his whereabouts or activities. *See Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir. 2008) ("to establish a well-founded fear of persecution in the absence of any evidence of past persecution, an alien must make some showing that authorities in his country of nationality are either aware of his activities or likely to become aware of his activities"). Finally, as the agency

5

notes, the letter from Lin's friend is unpersuasive in showing that Lin would face persecution if he returned to China because the friend, who introduced Lin to Falun Gong and whom the police also attempted to arrest in June 2004, has remained in China with no further problems, and was issued a Resident ID Card by the Changle City Public Security Bureau in 2006. *See Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005) (per curiam) (holding that, absent solid support in the record, an assertion of fear of future persecution was "speculative at best").

Because Lin was unable to show the objective likelihood of persecution needed to make out an asylum claim, he was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with

Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                              FOR THE COURT:
                              Catherine O'Hagan Wolfe, Clerk